930

1998 OK CIV APP 44

**Paula B. ROBBINS, Appellant,**

v.

**Herman C. ROBBINS, Jr., Appellee.**

**No. 90031.**

Court of Civil Appeals of Oklahoma, Division No. 4.

March 17, 1998.

Kimberly F. Cole, Braswell & Associates, Inc., Oklahoma City, for Appellant.

Donald W. Davis, Oklahoma City, for Appellee.

REIF, Judge.

¶1 This appeal concerns an order entered by the District Court of Oklahoma County on May 9, 1997 (filed May 13, 1997),

which ruled that the State of California would have jurisdiction of the minor children of the parties for purposes of determining custody. Mother brought this appeal after the trial court denied her motion to reconsider the order.

¶2   Oklahoma courts have entered various orders concerning the custody of the children, beginning with the parties' divorce decree of October 10, 1986. The divorce decree was entered by the District Court of Osage County and awarded Mother custody. In 1989, Mother filed proceedings in the District Court of Oklahoma County to enforce child support. In response, Father filed motions in the District Court of Osage County to modify both support and custody. By order of June 22, 1990, the District Court of Osage County sustained Mother's motion to transfer the case to the District Court of Oklahoma County. The District Court of Osage County ruled that the District Court of Oklahoma County was "a more convenient forum for the determination of all issues pertaining to the child support, child custody, and visitation rights ... so long as [Mother] is a resident of Oklahoma County." Thereafter, on January 25, 1996, the District Court of Oklahoma County entered an order suspending Father's support obligation, because "the minor children of the parties now reside with [Father], in the State of California." Mother did not contest this order by the District Court of Oklahoma County, despite the fact that she no longer resided in Oklahoma County. At the time, Mother resided in Memphis, Tennessee.

¶3   The current dispute between the parties arises from an application for temporary custody that Father filed on March 17, 1997, in the District Court of Oklahoma County. The verified application alleges, and Mother does not dispute, that the children resided with Father in the State of California from December 30, 1995, until March 7, 1997. The application also informs the court that a petition for custody was pending in the State of California where the children had resided for six months prior to Mother's unilateral removal of the children on March 7, 1997. Initially, Mother resisted Father's application on the grounds of insufficient service,

but withdrew her motion to quash and answered on the merits of custody. The court scheduled a hearing on the issue of custody for June 25, 1997. Before the hearing, however, the court had a discussion with a commissioner/judge of the California Superior Court concerning jurisdiction. As a result of this discussion, the District Court of Oklahoma County determined that California had a "better claim for jurisdiction."

¶4   Mother challenges the order deferring jurisdiction to California on the grounds that it (1) resulted from ex parte proceedings, (2) was entered without notice and opportunity to be heard, and (3) was contrary to statutory law that favored transfer of the case to the court that made the original custody determination, i.e., the District Court of Osage County. For the reasons that follow, we find no error by the trial court.

¶5   At the hearing on the motion to reconsider, the trial court explained how the decision on jurisdiction was reached:

THE COURT: All right. Well, under the Uniform Child Custody Jurisdiction Act, which is Title 43, Section 501, [et seq.] ... it contemplates just this situation, where you have a petition filed in two separate jurisdictions, each of them asserting that that court has jurisdiction—and it's a balancing contest at that point. And the statutes call for the judges in each of those respective states to contact each other and resolve the jurisdictional question. And that's what occurred in this case.

I made contact with the commissioner out there in California, which is their version, I understand, of a special court. And we discussed these matters. First of all, one of the parties was definitely, no question about it, a resident of the State of California at the time. The children had been in California more recently than they had been in Oklahoma. Nobody was a resident of the State of Oklahoma; neither party, nor even the children.

California, in fact, had already assumed jurisdiction of the matter. They basically had already ruled in the case, but reserved implementation of that ruling until they had contacted this Court to determine whether this Court agreed that they had

the better jurisdiction. That was my conversation with the commissioner out there.

In discussing these matters with the commissioner, I agreed California had the better case to assert jurisdiction than Oklahoma; and I on my own—and if that's ex parte, so be it—But I didn't contact everybody, because I don't think the UCJA reflects that. It says the judges work that out, and we did.

I agreed that California had the better claim for jurisdiction and transferred this case for them out there, the jurisdiction of it, and surrendered any jurisdictional claim this Court may have to the State of California. I think that was the proper thing then. The commissioner out there and I agree that was the proper thing to do. And I still think is was the proper thing to do. Your motion to reconsider transferring jurisdiction is denied.

Counsel for Father also stated for the record that he was not involved in an ex parte hearing outside of the presence of counsel for Mother. It does not appear that counsel for Father had any input into the decision on jurisdiction. Although not mentioned in the motion to reconsider or in her counsel's argument at the hearing on the motion, Mother also argues on appeal that the court's request of Father's counsel to draw the jurisdictional order and mail it to counsel for Mother was an ex parte communication.

■ ¶ 6 In view of the record, we cannot agree that either the court's consultation with the commissioner/judge in California or the request to prepare an order involved forbidden ex parte communications. By force of statute, "[a] court of this state shall not exercise its jurisdiction . . . if at the time of filing the petition a proceeding concerning the custody of the child was pending in a court in another state." 43 O.S.1991 § 508(A). "If the court has reason to believe that proceedings may be pending in another state it shall direct an inquiry to the state court administrator or other appropriate official of the other state." 43 O.S.1991 § 508(B). In such circumstances, the court is expressly authorized to "stay the proceeding and communicate with the court in which the other proceeding is pending to the end

that the issue may be litigated in the more appropriate forum." 43 O.S.1991 § 508(C). The court herein did nothing more than comply with its statutory duties.

■ ¶ 7 Concerning the preparation of the jurisdictional order, we note that: "The court may direct counsel for any party to the action to prepare a draft [judgment] for the signature of the court, in which event, the court may prescribe procedures for the preparation and timely filing of the judgment." 12 O.S.Supp.1997 § 696.2(A). The trial court herein acted in conformity with this statute and there is no indication in the record that the request for Father's counsel to draw the jurisdictional order caused any prejudice to Mother.

■ ¶ 8 Mother further attacks the jurisdictional judgment on the ground that it was entered contrary to the express direction of 43 O.S.1991 § 506 that: "Before making a decree . . . reasonable notice and opportunity to be heard shall be given to the contestants." We note that 43 O.S.1991 § 504(4) defines "decree" as *a custody determination* contained in a (1) judicial decree, or (2) order made in a custody proceeding, including an initial decree or a modification decree. The jurisdictional order was not "a decree" within the meaning of § 506.

■ ¶ 9 Lastly, we cannot agree that the trial court was required to defer jurisdiction in favor of the District Court of Osage County simply because that was the court where custody was originally decided. In order for the District Court of Osage County to exercise jurisdiction, one of the jurisdictional requirements of 43 O.S.1991 § 505(A) must be met. There is no controversy that Father is a resident of the State of California, that the children resided with Father in the State of California for six months prior to the filing of petitions in both California and Oklahoma, and that Mother resides in Memphis, Tennessee, and had removed the children from California to Memphis, and not Oklahoma.

¶ 10 The only possible ground for Oklahoma jurisdiction would be under § 505(A)(2)(a), because the children and Mother have a "significant connection" with this state. However, the circumstances of

this case make it highly unlikely that "there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships" as required by § 505(A)(2)(b) for "significant connection" jurisdiction. It is also highly unlikely that the District Court of Osage County would be the "more appropriate forum" under 43 O.S.1991 § 508(C) to receive such evidence, if it did exist, and decide the future custody of the children.

¶ 11 Finding no error as alleged by Mother, the order deferring jurisdiction to the State of California to determine the custody of the children is affirmed.

¶ 12 AFFIRMED.

¶ 13 STUBBLEFIELD, P.J., and RAPP, J., concur.